**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ernest Franklin CLARK, Defendant–
Appellant.**

**No. 99–5592.**

United States Court of Appeals,
Sixth Circuit.

May 14, 2001.

Before JONES, SILER, and CLAY, Circuit Judges.

PER CURIAM.

Defendant Ernest Franklin Clark appeals his conviction of knowingly possessing a prohibited object in violation of 18 U.S.C. § 1791. He raises issues concerning selective prosecution, sufficiency of the evidence, and vagueness of the statute charged. We AFFIRM.

## I. BACKGROUND

Clark is an African–American inmate at the Federal Correctional Institution in Manchester, Kentucky. In 1997 he was involved in an altercation with another inmate, Jonathan Wade. Clark asked Wade to return a "girlie" magazine that had been lent to Wade and they exchanged heated words. Sometime thereafter a fight occurred that involved the use of a knife. There was evidence both that Clark initially had the knife and that Wade initially had the knife. However, at some point Clark obtained possession of the knife and stabbed Wade with it several times. Clark ran from the scene with the knife and was pursued by several FCI officers. One of those officers observed Clark throw the knife on the roof of a building; it was later recovered from the gutter of that building.

After an internal investigation by prison officials, the matter was referred to F.B.I. Agent Timothy O'Leary. O'Leary conducted an investigation and referred the case to the U.S. Attorney's office for prosecution. Clark was charged in a two-count indictment with possessing a prohibited object in violation of 18 U.S.C. § 1791 and with assaulting Wade with that object with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3). Clark moved to dismiss the indictment based upon racially selective prosecution. This motion was denied after discovery and a hearing. Additionally, following the government's case, Clark's motion for judgment of acquittal was denied by the court. Clark was convicted of possessing a prohibited object in violation of 18 U.S.C. § 1791 and was sentenced to eighteen months in prison.

## II. DISCUSSION

### A. Racially Selective Prosecution

Clark argues that the court erred by denying his motion to dismiss the indictment based upon his claim of racially selective prosecution. He argues that the government failed to prosecute similarly situated white inmates. The government responds by detailing the FCI referral procedure which, it argues, does not allow for racial considerations in determining whether to prosecute. Instead, the allegedly similar situations upon which Clark relies were not similar due to such factors as witness unavailability and factual differences.

Because the determination of the merits of a selective prosecution claim is essentially a factual inquiry, we review such a determination for clear error. To prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory intent. To establish discriminatory intent in a case alleging selective prose-

cution based on race, a claimant must show that the prosecutorial policy was motivated by racial animus; to establish discriminatory effect, the claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted.

*United States v. Jones,* 159 F.3d 969, 976 (6th Cir.1998) (citations omitted). Clark fails to properly address the clearly erroneous standard of review; instead, he states that a claim of selective prosecution is reviewed *de novo.*

 This is a fatal flaw in Clark's argument. Instead of showing why the district court's denial of his motion to dismiss the indictment was based upon clearly erroneous factual findings, Clark merely argues that he did show discriminatory intent and effect. However, he fails to allege any facts that show a racial animus. Additionally, a " 'presumption of regularity supports' ... prosecutorial decisions and, 'in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties.' " *United States v. Armstrong,* 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (quoting *United States v. Chemical Found., Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926)). Given this presumption, and Clark's failure to show that the decision to prosecute him was motivated by racial animus, the district court did not err by denying his motion to dismiss the indictment.

### B. Sufficiency of Evidence

 Clark argues that the district court erred by denying his motion for judgment of acquittal because the evidence against him was insufficient to support his conviction. He argues that there was evidence showing that Wade introduced the knife to the fight and that the government blatantly disregarded all of the physical evidence in the case. Based upon these two factors, Clark argues that no reasonable person could have found him to have knowingly possessed the knife beyond a reasonable doubt. The government responds by arguing that there was more than sufficient evidence to support Clark's conviction in the form of Wade's testimony that it was Clark who introduced the knife to the fight and the testimony from two FCI officers that Clark ran from the scene and threw the knife onto the roof of one of the buildings at FCI. Clark asserts that under the court's instructions he could not properly have been both acquitted of the assault charge and convicted of possession of a prohibited object. However, an inconsistent verdict is not grounds to overturn a verdict. *See United States v. Miller,* 161 F.3d 977, 985 (6th Cir.1998), *cert. denied,* 526 U.S. 1029, 119 S.Ct. 1275, 143 L.Ed.2d 369 (1999).

It is well settled that the test to be applied by a trial court in determining a defendant's motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is taking the evidence and inferences most favorably to the government, if there is such evidence therefrom to conclude that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is for the jury.... An appellate court, in reviewing a trial court's decision regarding a Rule 29 motion, applies the same principles to the record it has before it.

*United States v. Overmyer,* 867 F.2d 937, 938 (6th Cir.1989) (citations omitted). Therefore, when viewed in the light most favorably to the government, the evidence was sufficient for a reasonable jury to find Clark guilty beyond a reasonable doubt.

### C. Constitutionality of 18 U.S.C. § 1791

Clark's final argument is that 18 U.S.C. § 1791(d)(1)(B) is unconstitutionally vague

in that it would not put a reasonable person on notice as to what it deems to be criminal. The portions of 18 U.S.C. § 1791 upon which Clark's conviction is founded state:

(a) Offense.—Whoever—

(1) in violation of a statute or a rule or order issued under a statute, provides to an inmate of a prison a prohibited object, or attempts to do so; or

(2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object;

shall be punished as provided in subsection (b) of this section.

\* \* \* \* \* \*

(d) Definitions.—As used in this section—

(1) the term "prohibited object" means—

\* \* \* \* \* \*

(B) marijuana or a controlled substance in schedule III, other than a controlled substance referred to in subparagraph (C) of this subsection, ammunition, a weapon (other than a firearm or destructive device), or an object that is designed or intended to be used as a weapon or to facilitate escape from a prison;

18 U.S.C. § 1791.

▪ Clark waived this argument by not raising it below. "Constitutional objections 'that appear for the first time on appeal are conclusively deemed to be waived, with the effect that [the appellate court is] deprived of jurisdiction.'" *United States v. Scarborough,* 43 F.3d 1021, 1025 (6th Cir.1994) (quoting *United States v. Crismon,* 905 F.2d 966, 969 (6th Cir. 1990)).

AFFIRMED.